number 18-50981. So, Mr. McClain, we're ready. Good morning, your honors. May it please the court. As the judge has just stated, I'm Patrick McClain and I'm representing Juan Francisco Trevino Chavez in this appeal. The basis of our appeal and the sole basis of our appeal is the admission of here stay state statements by the court under federal rule of evidence 801 D2E as statements in furtherance of the conspiracy. And our objection to that is to the admission of those statements and why we believe Mr. Trevino Chavez should have another trial is that it was an improper application of the rule to the statements made. In other words, our objection was that all those statements made that were reviewed by the judge were done under the what's known as a Borgelli review at the end of presentation of evidence. And in each case, in at least each of the hearsay statements considered by the court, none of them were made as statements that could be considered in furtherance of the conspiracy. Rather, each of the statements considered by the judge, as we've detailed in our brief, were made simply as identifying rumors about Mr. Trevino Chavez heard by the declarants in the court, sorry, heard by the witnesses in the court about his activities. But none of them, none of the statements made were statements describing something having to do with affecting the conspiracy itself or why the particular action described in these out-of-court statements were actually ongoing. In other words, your counsel, are you making an issue of whether there needed to be proof that it was the conspiracy that for which Chavez was charged or do you accept that so long as they were in a conspiracy, the link between that conspiracy and the one charged isn't necessary? Actually, both is appropriate, your honor, since you asked in the disjunctive. First, they would have to establish that in some fashion the statements made were in connection with some activity that Mr. Trevino Chavez was associated, which we don't believe their statements show, but also that in some fashion, even if they were to establish that the activity described or the connection described had something to do with an ongoing conspiracy at the time. And it is our belief in reviewing the evidence that none of the witnesses out-of-court testimony about the out-of-court declarants satisfies either one of those criteria. Does that answer your question, your honor? Well, it gives me your answer, yes. Yes, sir. Yes, sir. Thank you. So, when we review the statements examined by the court to determine whether or not she was going to allow it to be considered by the fact finder in their deliberations, I'll give you an example. For instance, the first person she considered was a testimony of a gentleman named Mr. Tavira, in which he discussed with somebody named Juan Guzman, the source of drug running funding. He also discussed with somebody named Gustavo Tensio about Stash House, associated with, allegedly with Appellant Trevino, and he also discussed Miguel Trevino's alleged cocaine business. Each of these descriptions, Mr. Tavira is talking about a conversation about events that had long since passed. There weren't activities that Mr. Tavira was engaged when with a particular individual purportedly related in the story. And in fact, Mr. Tavira had only seen Appellant Trevino once in his life and could not tie Mr. Trevino himself to any drug-related activity. And therefore, like all these statements, Mr. Trevino Chavez's purported illegal activity was not based on Mr. Tavira's personal observation or was not related to him by somebody who was directly involved in a drug-related activity with Mr. Tavira at the time having to do with what they were discussing was a simply person sitting around discussing what they believed were the relationship amongst the various members of the Trevino family. In other words, put another way, Mr. Trevino Chavez's great sin was to be the nephew of Miguel Trevino, one in whom the witness clearly had had direct involvement with in drug transactions as opposed to with Juan Francisco Trevino Chavez, my client, with whom they had not had any direct involvement. Let's take somebody like Mr. Mark Rodriguez. Now, this is a different type of witness. Here, Mr. Rodriguez claims that in Dallas he had a conversation with Mr. Trevino about a drug transaction. However, then the court review statements in which afterwards Mr. Rodriguez testified about rumors he heard about Mr. Trevino in transactions that had nothing to do with his own business with Mr. Trevino Chavez. And again, that's our issue with this case and I don't know how to any more simply to put your honors. Mr. McLean, let me say you do have a difficult case for oral argument in that you have quite a few statements that were introduced subject to the general argument that you're making. You would need to show a substantial number of them, it seems to me, were improperly introduced based on the rule or based on anything else and that there was not sufficient additional evidence or that so distorted the evidence in inadmissible evidence so distorted the rest or the rest wasn't sufficient regardless. That conviction has to be reversed and that's you know you may be right that's awful hard to deal with an oral argument because it's too much. So and what would you say your big picture here is it was a fundamental problem cutting across the board. I mean you agree the the rule is there and you prove the conspiracy, you prove these were conspirators, the statements get introduced and obviously very similar way to put it. So we got all that. So what do we really need to focus on from your viewpoint as we dig into this and decide what to do that you can you can most helpfully tell us an oral argument as opposed to going I mean my suggestion as opposed to going over each individual statement which you don't have time to do. Yes and thank you for saving me from that your honor. Saving us all. Yes your honor. My that is a difficulty oft times in criminal defense work isn't it is that to establish a negative particularly in a drug conspiracy case where you'll have a parade of snitches come in and say and this guy was also involved in our activity and if the basis of the testimony is I was there with Mr. Trevino Chavez and he gave me cash for a transaction or he provided me goods for me to sell that's fine but or in each of these cases if they were relating statements of his saying give A cash so that B can give you cocaine but that's not what we have here in each of these statements we have these witnesses claiming to hear someone else say that Mr. Chavez was present at a certain transaction or had had somehow been involved in the processing of a transaction so we are once we are one step removed from what we normally think of furtherance of conspiracy instead we're talking about statements in each of these cases in which the witness testifying is talking about a statement of a person out of court that the defendant cannot confront who is relating what he's he himself was told by another so that's a difficulty strip away these statements and I will acknowledge that there is from one witness the one I just addressing before you had your question your honor Mark Rodriguez of a discussion of a drug transaction absent that absent that looking through the several days of transcripts there is not anyone identifying Mr. Trevino in any of the activity of the alleged drug conspiracy that's the essence of it in other words yes sir are there any other questions I can answer in that matter before I I get to the final point in my in my argument no you're still running good on your time thank you thank you your honor so what we're asking for the court to do is to look at those statements and first of all examine whether or not the trial judge correctly admitted those statements to which the defense attorney preserved objections under the hearsay rule and the co-conspirator statement rule and then if you concur with us that those statements were erroneously admitted because they cannot properly even under the analysis done under Lindell can be properly admitted as in furtherance of conspiracy is there anything that remains that the fact finder could have still found Mr. Trevino Chavez guilty of the to put in the colloquial rumor based upon rumor and evidence and that is why we ask you to afford Mr. Trevino Chavez a new trial in which the government would at least be forced to actually connect Mr. Trevino Chavez to criminal conduct if not by direct observation at least by persons who could say we actually heard him and discuss with him the furtherance of the conspiracy let me ask you oh let me ask you an overarching question what is your understanding of the government's position at trial vis-a-vis whether the statements and i'm generalizing were non-hearsay non-hearsay therefore they're admissible as opposed to uh we can see their hearsay but they come in under 801 d2e in other words at trial what's your understanding the government's position that they were non-hearsay to where we don't even get to an exception to the rule but non-hearsay as the rules allow or uh even if they're hearsay or they aren't they come in under 801 d2e uh as is an alternative and the government hears my question so she'll knows prompt for her to deal with that you know once she comes on you have rebuttal but i just i know we're talking about 23 statements but that's just kind of an overarching what's what's your your your understanding understanding what the government is asking the court to find is that contemporaneity equals furtherance by that i mean because the claim of the government is that the snitch's testimony during trial was about statements made by an out-of-court declarant or heard by an out-of-court declarant contemporaneously with the the alleged ongoing conspiracy that that satisfies the definition of a co-conspirator hearsay exception or non or qualification is not hearsay and and the words furtherance our argument is that guts the meaning of the word furtherance certainly it has to be somehow tied in to the actual conduct of the conspiracy itself and that none of these statements are these statements are more like god if you believe the statements are actually made and again of course that's a different issue but if you believe the statements are actually made then they are nothing but gossip none of these statements were affecting the business of this alleged conspiracy none of them caused a transaction to be made furthered further business down the road for the alleged conspiracy all of them were simply saying hey i have seen juan francisco travino at this time and place i know that he is now taking over his uncle's business without any further description to show that mr travino chavez if these statements are believed was actually conducting drug transactions so that's so as i understand from the government they believe that it is satisfied simply if they show that the statement made by the out-of-court declarant or the person the out-of-court parent claimed to have heard as related by the witness testifying meets the definition of further further than it's a conspiracy and therefore we believe that just in essence destroys the definition and the word furtherance has no meaning and that's in that uh definition thank you all right thank you mr mclean you've preserved your rebuttal time miss robber please report your honor uh angela robber i'm from the united states attorney's office in the western district of texas i'd like to begin first of all by addressing uh the court's concern to answer that just so that i don't forget to address that issue on whether or not it's hearsay versus just an exception to the hearsay and i believe that the rule itself provides that if it is a statement of a co-conspirator of the of if the declarant and the uh the appellant are co-conspirators and there's a co-conspirator statement during and in furtherance of then by the rule that's considered not hearsay so it's under that understanding that we uh view the statements here that they're not hearsay under the rule um and if i may move on to the court asked about what really is the big issue here and of course there are various substantive hearsay issues in terms of what the challenges are all of those issues are very thoroughly addressed in my brief so what i would like to address here is the harmless error analysis and one thing that i need to address head-on is mr mcclain's contention that there's no evidence other than those statements and that is simply not an accurate assessment of the evidence so one of the if i may uh go through there is specific eyewitness testimony with respect to mr uh mr trevino eyewitness testimony involving his involvement in cocaine trafficking and he did mr mcclain did specifically acknowledge there's mark rodriguez mark madrigal rodriguez new appellant's family because his sister dated omar trevino years ago so he had known defend the defendant for a very long time he identified the defendant he said at one point um uh omar trevino had called uh or sent a message to mr rodriguez uh to come speak with him so in response to that message mr uh rodriguez actually met with the appellant he met with the appellant at a house in dallas and during that meeting the appellant and this again is mr rodriguez who's known the appellant for a long time rodriguez and appellant discussed the initial discovery of delivery of kilos of cocaine they talked about price and quantity appellant had a radio with him and he placed uh mr uh rodriguez on the radio on the radio with mr with omar and it was during that whole conversation and that whole meeting directly with appellant that a line of cocaine was set up from the zetas to mr rodriguez mr rodriguez also testified that when he first began working with the zetas uh after the line of cocaine was given appellant would call him on the radio with the tell him when a shipment was coming but he said during the first well during the first shipment appellant actually came and was part of the people that were making the delivery so that's direct that's not hearsay evidence that is eyewitness testimony that the defendant delivered that cocaine on the first on the first delivery then after that rodriguez testified that the appellant he met the appellant in person for the first four or five shipments of cocaine and after that appellant would call him and communicate with him on the radio when a load of cocaine was coming or when they were picking up money he testified that he received typically 250 to 300 kilos of cocaine per load and he said that he received that rodriguez this is only rodriguez of course about 25 000 to 30 000 kilos i believe of cocaine from from the zetas okay that's just mr rodriguez now there's also a lot of other evidence about appellant's direct involvement eyewitness testimony about his trafficking of marijuana now what mr mcclain would like the court to do is to eliminate and not discuss any of the testimony other than cocaine but this is a conspiracy this pertains to the zetas the zetas did not just engage in cocaine trafficking they they engaged in marijuana trafficking firearms trafficking so to limit the testimony to cocaine is not an accurate assessment of the evidence so you have to consider other eyewitness testimony that the defendant was uh that the witness just testified to about the defendant and i'll go through some of that ivan caballero he testified that uh ivan was a plaza boss for the zacatecas plaza and he estimated that appellant moved five or six tons of marijuana through that plaza but he also testified about a specific eyewitness specific transaction involving the defendant and that had to do with one occasion when he and the appellant met outside of a bar in huevo laredo and appellant wanted to buy one or two tons of marijuana that deal actually went through vasquez sold appellant a ton and a half of marijuana for 75 000 now another witness luis carillon specific eyewitness testimony he identified the appellant as kiko trevino and he testified that he was at luis carillon's uncle had a ranch and that he was at a ranch uh on three occasions when omar miguel and kiko trevino along with trucks containing armed sicarios delivered three or four tons of marijuana to the ranch so this is another example of specifically the defendant being involved in that gustavio atencio he was the owner of a stash house in laredo texas and he did not specifically identify the defendant although it was questionable from i think there's a question there about whether he could or couldn't or just didn't want to uh the way the testimony reads but he operated two stash houses in laredo and he specifically testified that kiko trevino used those stash houses to store and distribute marijuana so uh and the stash houses stored marijuana at different stages of receipt preparation distribution and that testimony ties in with the testimony of drug traffickers it uh who were supplied marijuana by kiko who said they actually went to that used um i'm sorry wrapped marijuana at that stash house but uh although atencio didn't make an in-court identification there's a direct link with kiko trevino to the that stash house because some money in a was seized in related to a different drug deal and that money was uh partly partly belonged to kiko when the money was seized the police gave uh the the transporter a receipt and there was testimony that's important when money is seized that the transporter can actually prove that it was seized and that he didn't just steal it because bad things would happen to him if that happened so that receipt wound up in gus atencio's stash house so it was the the traffickers who who lost the funds gave the receipt to gus atencio specifically to give it to kiko so that which would be the appellant so that he would know that it was actually seized and not just stolen so that ties again direct testimony with uh mr atencio and the defendant there's another witness fabian montag mayor he knew mr trevino since he was 15 or 16 years old he lived in the same neighborhood and he identified him as kiko trevino he started marijuana trafficking with appellant early on then he moved on with someone else but then he said at one point the defendant asked him to help the appellant's cousin to transport a load of marijuana so this is not somebody that doesn't know who's who he's talking to this is a man who's known the defendant since he's 15 or 16 years old and has a direct conversation with this defendant about helping him transport money i mean transport a load of marijuana for the with the cousin ultimately that load was uh was stolen and montemayor was kidnapped and beaten for it but later montemayor says that he started trafficking with a man named sergio saldana and that sergio saldana relates uh is another a witness i mean he was he is deceased but there were other witnesses that had worked with sergio so sergio saldana with marijuana supplied by the defendant miss robert let me ask you you're going through individual witnesses i think under the premise that regardless of what we do with the hearsay argument this takes care of prejudice will it be if we look at your briefs carefully enough and when we see that there is evidence like this for each of the seven counts that's independent of the hearsay yes i do believe so your honor because then let me ask you then though about the hearsay under our construct of this hearsay exception which is that it's made by a participant in furtherance of and some other factors none of those factors are that the statement itself not be hearsay uh which is mr mcclain's concern uh mr mcclain's concern is this client's conviction but being more specific uh that these are hearsay statements being made through the hearsay exception sort of double hearsay what is the best case if any it actually addresses that it's one thing to say the factors generally are a b c and d or one two three and four and they don't involve this point and if that point's not part of the case and that i can see why it wouldn't be mentioned is there a case that you have cited to us in your brief that actually deals with this hearsay within hearsay i don't think there's a hearsay within hearsay uh a case that i've cited but i think in terms of just generally whether the statement itself was an out-of-court statement and if the the statement was made by a co-conspirator of the defendant and if that i understand that but but i'm going to assume you have to accept this as a matter of logic that there's a difference it doesn't necessarily mean gotta be careful i put this doesn't mean it's a difference on the rule but it's one thing to say that somebody who is a conspirator uh can quote either the defendant himself or can quote somebody else who is in furtherance of the conspiracy but the direct knowledge so long as the statement's in furtherance of the conspiracy but the direct knowledge of the person making the statement has some role to play in most hearsay uh exceptions um i'm just curious why that hadn't been addressed more specifically i'm not asking you to cite what doesn't exist but but i am curious about that i think in this case though your honor there is no i mean most of the statements that are an issue i guess or i think there was some question about uh you know who was the leadership role or the organization the hierarchy and i think there is specific cases from this court which talk about uh co-conspirators discussing who's in the conspiracy or their roles in the conspiracy and i believe i have cited those cases in my brief and this court has found that type of testimony or that type of statement to be in furtherance of a conspiracy and i think a couple of the witnesses even testified that in in any kind of cartel and in particular the zetas cartel it was really important to them for any worker to know who was in charge there's a significant uh there's consequences for not obeying orders in a cartel so anytime you have that type of scenario you're going to have uh people who absolutely need to know who is in charge here who is the boss who what are their roles and i think some a significant amount of the testimony testimony that was challenged i guess has to do with that type of information but even if you look at uh the at the the court's gorgeli findings there's a lot of testimony in there that doesn't even have to do with the appellant so mr mcclain's statement that the statement itself in order to be admissible has to relate to somehow that the defendant did a particular act i don't think that's a requirement under the the rule let me ask you i'm sorry yes let me ask you let me ask you a different question and begging off of as judge southwick said going through every statement but i want to ask you this question just sort of lustifully to make sure i understand the government's position i understood what you said starting out the basic position and is this non-hearsay but even otherwise harmless error gets you where you need to be there's a statement by lewis mcgill carry on for example and that's a statement relative to something that an uncle said uh and it sort of along the lines of what that software was as that one seems further removed because it's a statement by an uncle and something else there so that one at least facially to me seems to be a closer call to me because it's a statement by the uncle about some activity that might have been occurred on the uncle's property so just isolating that one to just sort of get a slice of the fullness of your argument here on that one for example would you argue that that's quote non-hearsay or is it your view okay that one is hearsay but it comes in because so i'm just isolating that slice because you got time okay to get clear on one statement because that's a statement that's about somebody's uncle and activity related to an uncle you follow where i'm going with that otherwise just kind of get consumed subsumed in the overarching or even if there are homeless there or whatever you follow me i think so your honor and if i may try to address that all right in that example with mr curry on his uncle and i think maybe what the the uncle wanting to leave or maybe thinking that they shouldn't stay there uh if i'm if i'm maybe isolating that correctly but to get to the real is the question that you're asking the fact that a statement is an out of court statement by a declarant the fact that someone else made a statement uh that the the witness is testifying about that doesn't but if that statement meets the co-conspirator statement rule under the actual rule it's not hearsay it may be an out-of-court statement but under the rule it says it's an out-of-court statement and when it has to do with a co-conspirator statement which meets the requirements then under the rule it is not hearsay it and it is admissible as non-hearsay under that rule so i guess my question and maybe i'm misunderstanding you your honor but i think there's a the fact that someone else said it most people think that whenever there's an out-of-court statement all right let me nail you here simply because you got time the witnesses louis miguel carry on okay the question is and did your uncle convey to you that he was worried about you knowing these people or being around them the answer was yes the government's position is that carry on's uncle was associated with the zetas and so a co-conspirator and on and on and on the defendant says well it's not a conspirator statement and it comes back to mr mcglane said that has nothing to do with it quote in furtherance of a conspiracy so that's the way the arguments are in the brief and so i simply isolated that slice to get a a sense of the argument i understand your general kind of overarching argument but you know if i'm will have to have to parse every statement to figure out which one uh is non-hearsay so it comes in that way and then which ones are hearsay and maybe they get in an exception or which one shouldn't have gotten in but they come in under harmless there so you don't have enough time in the argument to go through them all just to judge softly so again for my purposes i was just trying to get clarity by just isolating one so we got a full shot because in your brief many of these points the gut your brief doesn't address specifically the argument that the defense makes so in reading this and trying to dig down i'm assuming the government in your brief is relying on the position that you take before took before judge moses you understand what i'm saying and so that's why i ask about the trial setting because in several of these the brief doesn't specifically deal with an individual statement and so one would have to assume you're relying on the position taken you meaning the government i don't mean you were the lawyer but the position taken in the brief before judge moses that that's the position whether right or wrong that you're relying on on now is that a fair way to say it i'm not saying that's bad i'm just trying to understand it because it's a lot of statements and a lot of stuff to go through you know trying to lay out on a grid all these statements well with respect to the carry-on statement our view of the government's position is even though the uncle said that and it came from the uncle that it is non-hearsay under the rule because it was in furtherance of the conspiracy and our argument for why it's in furtherance of the conspiracy is because that statement was made when they're actually delivering loads of cocaine at the ranch when the statement was made so the statement clearly was made during the conspiracy and what the argument then would be why is it in furtherance of and the the our response is basically because the fact that he didn't want them to get any i believe there's testimony that carry-on he didn't want us to get more involved than we were and i think when you're dealing with a cartel situation it it is a benefit to the cartel that people not know enough not know too much and when the the uncle is saying something that basically makes it clear that he didn't he thought they were dangerous or what have you or and i don't think he actually used the but that he they shouldn't be there i think it is in furtherance of the of the conspiracy because okay well that that's i mean that's responsive to my question i didn't mean to take you too far but sometimes dealing with these statements sort of in the abstract can be a little bit difficult for us because we're having to look at the record and look at all these statements look at the trial judge's ruling and as i said as i looked at the brief and some of these i didn't see what the statements but you know i can infer rests on the position taken before judge moses and in some cases you know she let him in in general that they were not hearsay and that's what was bearing down on that they weren't here so so trying to understand the government's position not saying the judge was wrong but if they aren't here say you get in under 801 d2e or even if some of them are hearsay the harmless error rule which you you thrust down that when we look at the cumulative evidence but i mean i think i've got it judge king or judge sapphic any additional questions of of the government while we have her there all right all right mr mcclain you went to smiling when i went to asking her questions like i was opening up some pasture for you i don't know it wasn't my intent so you got rebuttal you you can cover your ground my smile your honor was you correctly identified and and to my colleague uh ms raba we we did have a lot that we had to mine through in this case and it's in a short amount of time so i will try to address the court's question from both judge softly and yourself judge stewart all right um so yes that is that exactly another way of putting the issue we brought before the court is that in these in these statements that these witnesses are quoting from auto court declarants wrapped in their heart of the statements themselves is someone else's statement that ought to also be examined for whether or not it's hearsay and if so whether or not it comes in under some sort of let me ask you a question similar to what i think it's all against government i mean that being true but this is a conspiracy it's the zetas i mean this is a wide ranging deal here there's a lot going on here we have all kind of case law dealing with conspiracies with drugs and the whole nine yards and just my facial look initially you know the the cases in our circuit seem to support you know what's there so turn turning it to you what is your best case that if your argument is hearsay within hearsay what's your best case that we need to be looking at that unpeels on you know on these statements or as was asked early even assuming two of these statements or three you're right on how do you get out from under the question just something there's a mountain of stuff the government says she's got eyewitness testimony about your client so what do you do with that yes i see two parts of that so the first part of your question your honor touched on what judge southwick had asked about is there a case on point for the hearsay within the purported non-hearsay conspirator statement and i will concur with the government that i cannot cite for you exact case because i think that the judge would have properly and should have properly parsed out those two in her decision which he did not and so i i don't see that would normally have been an analysis would have been done so perhaps that's not why it's been squarely presented in the circuit well but she's not on the pitch she's not on appeal you on appeal you want us to overturn this conviction based on all this evidence you know the ball's in your court not for us to go digging but if you got a silver bullet case that says in the breadth of a conspiracy this big with this many players with all the conspiracy cases you have you got to put your finger on it and say this is the case we need to be looking at as opposed to us scouring the west reporter looking for a case that says they don't want d2e because this is an on the ground determination by the trial judge and you know what the standard review is yes yes your honor and what i would say is that i would cite to any any any case that was discussed in our both of our briefs for instance the liddell case at 881 f second 13 13 for distinguishing between statements that are in some fashion uh more than simply contemporaneously with the time frame of alleged conspiracy but actually has something to do with conspirators doing their alleged illegal business and in none of these cases do those statements qualify and therefore the government's case was built upon the rumors that the testifying witnesses heard about mr davino in essence the question is is juan francisco to vino chavez like michael carlion and he is somehow involved in dad's business or in this case his uncle's business or is he just like one of the persons at the wedding and really didn't have anything to do with the carlion's business in other words juan francisco chavez travino chavez yes was present at uh miguel and omar travino's uh ranches and in the towns where they lived because he was a family member so there's there is testimony that he was physically present during uh times when omar and miguel travino his uncles were doing business but there is not in the evidence other than and we acknowledge that with mark rodriguez of mr travino chavez actually negotiating or working on a drug deal and that's that is our argument and so we do take exception with the argument of the government in that fashion and that you cannot tie him to any other transactions it is simply the implication by rumors from those who the testifying witnesses claim they had a conversation with that summarizes all right all right well this was a six-day jury trial the government put in 23 witnesses so you know we got a lot in this record we'll work our way through it but we appreciate your argument and that of miss rava for helping us to highlight what we need to look most closely at but you know full jury trial 23 witnesses the jury heard the evidence the judge rule we just three appellate judges that's gonna hunt through you know to find it so your briefing is appreciated and your oral arguments appreciated the case will be submitted and we'll let you know as soon as we can thank you thank you maybe we'll be excused yes ma'am thank you thank you